2. Brokers, § 84*—*admissibility of evidence.* In an action to recover broker's commissions for finding a tenant for defendant, refusal to permit defendant to testify to the amount of rental he was paying *held* not error, for the reason the fact sought to be elicited had little bearing on the issues involved.

## Central Iron & Metal Company, Appellant, v. Sebastian Krug and National Surety Company, Appellees.

### Gen. No. 19,644. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Lockwood Honore, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

### Statement of the Case.

Bill in equity filed by Central Iron & Metal Company, a corporation, against Sebastian Krug and National Surety Company. The defendant filed a general and special demurrer to the bill, which were sustained by the court. Upon complainant electing to stand by its bill, the bill was dismissed for want of equity. To reverse the decree, complainant appeals.

The bill recites that complainant is an Illinois corporation engaged in buying and selling iron and other metals; that defendant Krug is engaged in the business of wrecking buildings; that in May, 1912, complainant and said defendant entered into a written contract, by which Krug sold to complainant all the iron, metals, machinery and plumbing goods in certain buildings in Chicago then being wrecked by Krug. By the terms of the contract, Krug agreed to load the materials into complainant's wagons and to use reasonable care "consistent with wrecking operations" to see that such materials "shall not be unnecessarily damaged"; that if complainant failed to furnish enough wagons to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

carry away the materials as the same should be taken down, Krug should have the right to furnish teams, wagons and men, at the rate of "not to exceed $6.00 for a nine-hour day per double team"; but, in such cases, at least four tons of material should be placed on each of such wagons. It was further agreed that complainant should keep a watchman on the premises, both day and night, "and take care of said goods"; that all "property belonging to tenants occupying any part of said premises is expressly excepted from this contract"; that complainant should pay $70,750 for said materials, payable $15,000 down and the remainder in instalments of $5,000 each as the work progressed; that if less than 5,000 tons of material were taken out of the buildings, complainant should be entitled to a rebate at the rate of $14.15 a ton, while if more than 5,000 tons were taken out, complainant should pay for the excess at a different specified rate per ton. The bill then alleges that complainant fully complied with all the terms and conditions of the contract, but that Krug did not; that he "negligently tore away part of the material and dropped it from a great height, whereby it was twisted, bent and broken," and its value materially lessened; that he "improperly and maliciously" and with intent to defraud complainant, loaded less than four tons weight upon some of the wagons, "thereby materially increasing the number of loads"; that he refused to permit complainant to remove any material from one of the buildings, but permitted others to do so; that complainant protested because of these matters, and thereupon each of the parties executed and delivered to the other a bond for the faithful performance of the contract; that, notwithstanding such bond, Krug continued to violate the contract "by interfering with the teams of orator and preventing orator's teams from entering said premises for the purpose of hauling away metal and material described in the contract"; that he "removed metal

and material in quantities and qualities and to places to your orator unknown,'' and sold and delivered the same to other parties; that complainant made the payments as stipulated in the contract, and thereby paid for more material than it received from Krug, who (it is said) ''by the terms of said contract became a trustee to deliver to orator the metal and material therein referred to''; that ''by fraudulently and improperly refusing to deliver to orator metal and material taken from said building, and by removing metal and material from said building and delivering same to other parties, said Krug violated said contract and said trust'' and became liable for the market value of the material so removed and delivered to others; that the materials thus ''fraudulently and improperly removed and delivered to other parties were, as orator is informed and believes, of different qualities, quantities, kinds, character, weights, values and conditions of repairs''; that complainant has no means of ascertaining the quantity and character of the materials so removed, and that Krug is the only person who has knowledge thereof; that Krug has refused to give to complainant a correct statement of these matters, and that a discovery is necessary to compel him to disclose the same; that complainant has requested and Krug has refused an accounting; that ''the items of account and various charges and acts and doings of the different parties in connection with the performance and execution of said contract, are of a complicated and intricate character such as cannot be fairly or intelligently determined in an action at law''; and that Krug has begun two suits, one against complainant, claiming $50,000 damages for breach of contract, and the other against the surety on complainant's bond. The bill prays for an accounting and discovery, not under oath, and for an injunction to restrain the further prosecution of Krug's lawsuits.

Central Iron & Metal Co. v. Krug et al., 189 Ill. App. 44.

SABATH, LEVINSON & STAFFORD, for appellant; LEO W. HOFFMAN, of counsel.

RICHARDS, VOIGT & DARBY and ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for appellees; JOHN T. RICHARDS, MITCHELL D. FOLLANSBEE and FRED BARTH, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. ACCOUNT, § 26*—*sufficiency of bill.* A bill seeking equitable relief against defendant by way of an accounting as to matters arising out of a breach of contract, *held* not to allege facts creating a trust or establishing a fiduciary relation between the parties; and the alleged conduct of defendant *held* to amount to a mere breach of contract, for which the remedy at law is fully adequate.

2. DISCOVERY, § 7*—*sufficiency of bill.* A bill seeking equitable relief as to matters arising out of a breach of contract for the sale of materials taken from buildings being wrecked by defendant, and charging defendant with wrongfully disposing of a portion of the materials to other parties, the character and quantity of which complainant had no knowledge, *held* not maintainable as a bill for discovery, it appearing from the allegations of the bill that complainant at the time of making the contract had, or ought to have had, knowledge of the character and quantity of the materials, and the bill containing no averment showing that anything was concealed at that time, and it not appearing from the bill that defendant had any fuller knowledge of the shortage than the complainant.

3. ACCOUNT, § 26*—*when averment in bill mere conclusion.* An averment in a bill, praying for an accounting, that the account is "of a complicated and intricate character," *held* to be a mere conclusion.

4. ACCOUNT, § 19*—*when account not complicated or intricate.* The mere fact that some or even all of the items of an account are not admitted to be correct does not make the account complicated or intricate so as to give a court of equity jurisdiction.

5. ACCOUNT, § 26*—*when matter alleged in bill sufficient to oust equity of jurisdiction.* Facts averred in a bill showing that a part of complainant's claim is based upon the certain alleged negligence of defendant, giving rise to an unliquidated claim for damages, *held* sufficient in itself to oust a court of equity of jurisdiction.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.